**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| Elmetra Austin, | |
| Plaintiff, | **Case No. 2:15-cv-02683** |
| v. | **Judge: George C. Smith** |
| Verizon Wireless, et al., | **Magistrate Judge: Terence P. Kemp** |
| Defendants. | |

### AGREED PROTECTIVE ORDER

It is hereby stipulated and agreed by and between the parties hereto that the following Order be entered pursuant to Rule 26(c) of the Federal Rules of Civil Procedure:

1.     The parties represent that certain discovery materials to be exchanged in this case, including documents, interrogatory answers, deposition testimony and other discovery may contain confidential, non-public information of a financial, commercial, and/or personal nature. The parties do not wish unreasonably to impede or burden the discovery process but, at the same time, recognize an obligation to take reasonable steps to safeguard legitimate privacy concerns. The parties intend this Order to address these concerns.

2.     All information including, without limitation, documents, writings, video or audio tapes, computer-generated or recorded information in any form, materials, oral or written testimony, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, and other responses to requests for information ("Discovery Material") produced in response to discovery requests in this litigation by the Plaintiff, or the Defendant ("Producing Party"), which a Producing Party in good faith believes contains

NAI-1501019265v1

confidential, non-public, and/or proprietary information or information that otherwise qualifies

for protection under Federal Rule of Civil Procedure 26(c)  may be designated

"CONFIDENTIAL" under this Order by the Producing Party ("Confidential Information").

Discovery Material that may be designated as CONFIDENTIAL consists of documents and

information whose disclosure would create a risk of injury that could not be avoided by less

restrictive means, and includes, but is not limited to, customer information, personnel

information, payroll information, and personal information of any current or former Verizon

Wireless employee.  All Confidential Information shall be subject to the provisions of this Order.

      3.     Discovery material other than deposition testimony may be designated as

Confidential Information by placing on or affixing to each page of the document or on the object

container (in such manner as will not interfere with the legibility thereof), the designation

"CONFIDENTIAL."  Deposition testimony shall be designated as Confidential Information

either on the record at the deposition or by letter within thirty days after receipt of the transcript.

      4.     Confidential Information shall be used for no other purpose than prosecuting or

defending this action.  Confidential Information shall not be disseminated, including, but not

limited to, public and/or anonymous dissemination via the Internet, or shown to any person,

other than: (a) the attorneys who are members or associates of the law firms listed on the

pleadings in this action ("Counsel of Record"), and to supporting personnel employed by

Counsel of Record, such as other attorneys at the firm, paralegals, legal secretaries, data entry

clerks, legal clerks and/or private data entry, document management and photocopying services;

(b) named parties, which includes employees of Defendant assisting in the defense of the action;

(c) deponents and court reporters in this action; (d) the Court, Court personnel and jurors; and (e)

anyone retained to assist counsel in the preparation or trial of this action (including consultants

and/or experts), provided they are not otherwise affiliated in any way with a party, and provided such person has agreed in writing to abide and be bound by the terms of this agreement. Confidential Information disclosed to any such person shall not be disclosed by him/her to any other person not included within the foregoing subparagraphs (a) through (e) of this paragraph.

5.      If a party objects to the designation of any document or information as "CONFIDENTIAL," counsel for the objecting party shall notify all counsel of record of the objection identifying the documents in question by category or bates number.  The parties shall make good-faith efforts to resolve any such dispute.  If disputes regarding the objection cannot be resolved by agreement, counsel may move this Court for an order denying confidential treatment to the documents or information in question.  If such a motion is filed, the information or document shall retain its status as "CONFIDENTIAL" pending ruling on the motion.

6.      Disclosure of Confidential Information to any person described in Paragraph 3 of this Order shall be only for the purpose of litigating this proceeding, any appeal of this proceeding, and for no other purpose whatsoever.

7.      Any person who is to obtain access to Confidential Information described in Paragraph 2 of this Order, except for Court personnel, shall, prior to receipt of such Discovery Material, be informed by the Producing Party of the terms of this Order and must agree to keep confidential documents or information confidential by signing the form attached herein as Exhibit A.

8.      If counsel for a party herein desires to disclose Confidential Information to a non-party not authorized to receive such information, the Party may request the Producing Party to authorize the disclosure of the Confidential Information.  If authorization is not given, the Party seeking the authorization may petition the Court for such authorization.

9.     If a Non-Producing Party seeks to file with this Court any documents and/or information, or any papers incorporating or revealing the contents of the documents and/or information marked as CONFIDENTIAL, the Non-Producing Party must make a request to the Court to allow the documents and/or information be filed under seal.  However, before any document marked as CONFIDENTIAL is filed electronically under seal, the filing party shall first consult with the party that originally designated the document as CONFIDENTIAL to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

10.     It is recognized by the parties to this Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents or testimony may be designated erroneously as "CONFIDENTIAL" or documents or information that are entitled to confidential treatment may erroneously not be designated as "CONFIDENTIAL."  The parties to this Order may correct their confidentiality designations, or lack thereof, and shall, at their own expense, furnish to all counsel copies of the documents for which there is a change in designation.

11.     If a receiving party learns that it has disclosed, by inadvertence or otherwise, material subject to this Order to any person or in any circumstance not authorized under this Order, the party must immediately (a) notify in writing the designating party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute Exhibit A attached hereto.

12.     To facilitate discovery and protect claims of privilege and/or work product, the following terms shall apply:  The inadvertent or unintentional disclosure by any party of

documents or information protected from discovery as an attorney-client communication, work product or otherwise protected under Federal Rule of Civil Procedure 26 (the "Privileged Material"), regardless of whether the information was designated as CONFIDENTIAL or not at the time of disclosure, shall not be deemed a waiver in whole or in part of the disclosing party's claim of privilege, either as to the specific documents or information disclosed or as to any other documents or information relating thereto or on the same or related subject matter. Further, the Parties shall not assert the other party's production of documents or information in response to discovery requests in this case as grounds for claiming that the other party waived privilege or work product protection over documents or information withheld from production. Should Privileged Material be inadvertently or unintentionally produced, the recipient shall (i) return it, without retaining any copy of it, upon recognizing its status, or within three (3) days from a demand (the "Demand") by the disclosing party, whichever occurs first; (ii) destroy all summaries, notes, memoranda or other documents (or the portions thereof) referring to such Privileged Material; and (iii) not use such documents containing Privileged Material for any purpose until further order of the Court. If the receiving party disputes the disclosing party's Demand, the matter shall be presented by the disclosing party to the Court for resolution; pending a ruling, the recipient of the material in issue need not return or destroy it but must segregate the material from all other case and other materials and shall not use the material or disclose it. Further, whether or not the recipient disputes the disclosing party's Demand, if the recipient has already shared such Privileged Material prior to recognizing its protected status or prior to a Demand for its return, that recipient shall promptly notify the other affected persons, and collect all copies.

13.     At the time that any consultant, expert or other person retained to assist counsel in the preparation of this action concludes participation in the action, such person shall return to counsel all copies of documents or portions thereof containing Confidential Information that are in the possession of such person, together with all notes, memoranda or other papers containing the Confidential Information.

14.     Upon the final determination of this action, whether by settlement, final judgment, the exhaustion of all lawful appeals, or otherwise, all Confidential information and documents subject to the provisions of this Order, and all excerpts and reproductions thereof, in the custody of counsel for each of the respective parties, the parties themselves, and all others subject to this Order, shall, at the option of counsel for the Producing Party, either be returned to counsel for the Producing Party or destroyed by counsel for each party within thirty (30) days of the final determination of this action.  At such time, each party must certify that the terms of this paragraph have been complied with.  Notwithstanding the provisions of this paragraph, counsel are entitled to retain, for no longer than four years following final termination of the action, an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain material subject to this Order.  Any such retained materials shall remain subject to the terms of this Order.

15.     Nothing herein constitutes or may be interpreted as a waiver by any Party of the attorney-client privilege, attorney work product protection, or any other privilege.

16.     This Order does not limit the right of any Party to object to the scope of discovery in the above-captioned action.  Nor does it constitute a determination of the admissibility or evidentiary foundation for the documents or a waiver of any Party's objections.

17.     Nothing in this Order shall be construed to prevent a Party or non-party from seeking such further provisions regarding confidentiality as may be appropriate, including but not limited to challenging the designation of any document as Confidential Information.

18.     The Parties shall agree at a later date upon a reasonable procedure to be followed at trial with respect to Confidential Information.  This Order applies only to pretrial discovery matters.

Dated:  May 23, 2016

Respectfully submitted,


/s/ James M. Schottenstein (per written authority)
_____
James M. Schottenstein (0016639)
(Trial Attorney)
Madeline Lamb (0087386)
Schottenstein Legal Services Co., LPA
492 South High Street, Suite 200
Columbus, Ohio 43215
Telephone:    (614) 464-1880
Facsimile:     (614) 464-3004


/s/ Madeline Lamb (per written authority)
_____
Madeline Lamb (0087386)
Madeline Lamb, Esq.
492 South High Street, Suite 200
Columbus, Ohio 43215
Telephone:    (614) 469-9650
Facsimile:     (614) 464-3004

*Attorneys for Plaintiff*
*Elmetra Austin*

/s/ Tonya B. Braun
_____
Tonya B. Braun (0061730) (Trial Attorney)
tbraun@jonesday.com
Lindsay M. Bouffard (0089676)
lbouffard@jonesday.com
JONES DAY
Street Address:
  325 John H. McConnell Boulevard, Suite 600
  Columbus, Ohio 43215-2673
Mailing Address:
  P.O. Box 165017
  Columbus, Ohio  43216-5017
Telephone:     (614) 469-3939
Facsimile:     (614) 461-4198

*Attorneys for Defendant*
*Cellco Partnership d/b/a Verizon Wireless*

NAI-1501019265v1

***So Ordered.***

Dated: May 23, 2016

/s/ Terence P. Kemp
UNITED STATES MAGISTRATE JUDGE

NAI-1501019265v1

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |
|---|---|
| **Elmetra Austin,** | **Case No. 2:15-cv-02683** |
| **Plaintiff,** | |
| **v.** | **Judge: George C. Smith** |
| **Verizon Wireless, et al.,** | **Magistrate Judge: Terence P. Kemp** |
| **Defendants.** | |

I, _____, the undersigned, hereby acknowledge that I have received a copy of the Agreed Protective Order ("Order") entered in this action, which is attached hereto as Attachment 1, have read the Order and agree to be bound by all of the provisions in it.

I recognize that during my participation in this case, I may have occasion to read or hear matters that are designated "Confidential."  I agree not to disclose any such confidential matter to any person not entitled to receive disclosure of same under the provisions of the Order and to use any such confidential matter solely in connection with my participation in this case.  I also agree to return to counsel for the party supplying documents to me, in accordance with the Order, any such confidential materials as soon as my participation in the case is concluded.  I agree to submit to the jurisdiction of the Court for the purpose of enforcement of the Order.

Dated:_____          _____

_____
Print Name

Page 9 of 9

NAI-1501019265v1